No. 24,779.

JAMES MORRISON, *Appellee*, v. FRED W. FLEMING and FRANCIS M. WILSON, Receivers of the Kansas City Railways Company, *Appellants*.

SYLLABUS BY THE COURT.

DAMAGES—*Collision Between Horse Drawn Vehicle and Street Car—No Error Disclosed by the Record.* In an action for damages for personal injuries, resulting from a collision of horse drawn vehicle and a street car, several alleged errors considered and found to be without substantial merit.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed December 8, 1923. Affirmed.

*E. S. McAnany, M. L. Alden, T. M. VanCleave, O. L. Miller,* and *C. C. Glandon,* all of Kansas City, for the appellants.
*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries. There was a trial to a jury, which returned special findings and a general verdict for plaintiff. The defendant has appealed and contends that the trial court erred in overruling its demurrer to plaintiff's evidence, in instructions given, in refusing to set aside certain special findings, in denying defendant's motion for judgment on the special findings and in overruling the motion for a new trial.

Plaintiff was driving one horse to an express wagon along Metropolitan avenue, a paved street in Kansas City, having a double line of street car tracks. About the middle of the block he undertook to cross to the other side of the street to get to a certain store. The street in the block where he attempted to cross had not

been designated a boulevard nor a congested district and the city ordinance did not prohibit his crossing at that point. He was overtaken by a street car, his wagon upset, he was thrown to the pavement and seriously injured. Plaintiff's evidence tended to show care on his part and lack of care on the part of the motorman, and was sufficient to take the case to the jury.

The instruction complained of is not seriously objectionable. Special questions were answered as follows:

"1. Was plaintiff past the intersection of 22d Street and in front of Mrs. Kemp's store, No. 2219 Metropolitan Avenue, or just west thereof before he started to turn his horse and cross the tracks? Answer: Yes.

"2. Did the plaintiff just before he started to cross the tracks look and see a street car approaching? Answer: Yes.

"3. If you answer the foregoing question 'Yes,' how many feet east of the place where the plaintiff was sitting in his wagon was the front end of the street car when he looked and saw it approaching? Answer: About 250 feet.

"4. If you answer question No. 2 'yes,' how fast was the street car moving when the plaintiff looked and saw it approaching? Answer: At low rate of speed.

"5. If you answer question No. 2 'Yes,' at what rate of miles per hour was the plaintiff going in his horse and wagon when he first looked and saw the street car to the east, and started to turn across the track? Answer: About 3 miles per hour.

"6. How many feet did the plaintiff move from the time he started to cross the track until the street car struck him? Answer: We estimate 20 feet.

"7. How many feet west of the west side of 22d Street was the plaintiff's wagon when the street car struck it? Answer: We estimate from 215 to 225 feet.

"8. At what rate of speed was the street car going when the motorman first saw the plaintiff on or near the track, intending to cross? Answer: We estimate 15 miles per hour.

"9. How far was the motorman from the plaintiff when he first saw him on the track? Answer: From 40 to 60 feet.

"10. As soon as the motorman saw the plaintiff on or approaching the track evidencing an intention to cross, did he immediately apply the air and do what he could to stop the car? Answer: We do not know just when motorman first saw him. He did apply air.

"11. What could the motorman have done after he saw the plaintiff either on or approaching the track with the intention to cross that he did not do to stop the street car? Answer: Could have reversed the power.

"12. Did the plaintiff give signal by arm or hand indicating the direction he intended to turn before turning upon the street car track? Answer: No.

"13. If you find a verdict for the plaintiff, state specifically wherein the defendants or their employees were negligent. Answer: Could have reversed

power. Motorman should have kept better lookout for vehicles and should have given warning immediately on seeing plaintiff start turning and should have got car under control at that time and if motorman did not see him start turning he showed negligence."

Appellant complains that the court overruled its motion to set aside answers to questions Nos. 11 and 13. There was no evidence about reversing the power, no evidence that the power on the car in question could be reversed nor that reversing the power, if that could be done, would be a more effective way to stop the car than to use the air brake. The answer to question No. 11 should have been set aside as being unsupported by any evidence. The same may be said of the first sentence in the answer to question No. 13. Perhaps the finding that the motorman should have given warning immediately on seeing plaintiff start turning should have been eliminated in view of plaintiff's evidence that he saw the street car. The remainder of the answer to question No. 13 should stand. The motion was to set aside the answer as a whole, which was properly refused. It is supported by the evidence, and finds the negligence charged as the basis for the action. The inaccurate answer to question No. 11, and the partially inaccurate answer to question No. 13 may be eliminated as having no material bearing on the ultimate disposition of the case, and it is not material whether they were set aside or not.

Appellant complains that the court overruled its motion for judgment in its favor on the special questions, notwithstanding the general verdict. On this question appellant takes the various statements of distances and rates of speed as found by the jury, and by mathematical calculation points out numerous conflicts therein. It will serve no useful purpose to repeat this analysis, nor to attempt to analyze it to show wherein, if at all, it is erroneous. The answers of the jury on those matters are, of necessity, estimates and some of them so state. Necessarily, a mathematical calculation based upon them cannot be accurate in all respects. They do show that the plaintiff turned, looked for and saw the street car when he was half a block from it that it was then coming slowly; that he started to cross the track; that he was in fact overtaken by the street car and injured. Special findings of fact should be analyzed in such a way as to be consistent with the general verdict if possible. So analyzing them, we do not find them so inconsistent as to require the setting aside of the general verdict.

Appellant contends that the court erred in overruling its motion for new trial and on this presents the arguments upon the points previously discussed.

Finding no substantial error in the record the judgment of the court below is affirmed.